IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 05-30008-WDS** |
| | ) | |
| **MARIO KAISER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion for disclosure of the identity of the confidential informant (Doc. 41) to which the government has filed a response (Doc.43). In the motion, the defendant asserts that without the identity of the confidential informant, the defendant cannot adequately prepare a defense. The defendant's motion indicates that the CI was not in the bank at the time of the alleged robbery, but that the CI had knowledge immediately following the occurrence, which included observations which will be crucial to this case, because they allegedly tie the defendant to this offense in place and time. The defendant seeks this information, in part, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) to determine if any promises or other issues of bias and credibility of this witness may exist. The defendant asks that the CI be made available for interview before trial.

In its response, the government states that it has complied with the discovery requirements of Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio*. The government further indicates that it does not intend to call the confidential informant as a witness in the case, and is not planning on revealing the identity of the CI.

The defendant moves, in the alternative, that if advanced disclosure is not available, that

the Court direct the government to provide all information concerning the CI once the witness has testified at trial.

It is well established that the government may withhold the identity of a confidential informant in furtherance of the public interest in law enforcement unless the identity is relevant or helpful to the defense or essential to a fair determination of cause. *United States v. Banks*, 405 F.3d 559, 564 (7th Cir. 2005); *See Roviaro v. United States*, 353 U.S. 53, 59-61(1957). Furthermore, a defendant bears the burden of establishing that his need for the information outweighs the public interest in keeping the identities of informants secret. *See United States v. Valles*, 41 F.3d 355, 358 (7th Cir.1994).

As the Seventh Circuit has stated:

> The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant. *Roviaro v. United States*, 353 U.S. 53, 60 (1957). As the Supreme Court has recognized, citizens have an obligation to communicate their knowledge of the commission of crimes to law enforcement officials. *Id.* at 59. By preserving anonymity, this privilege encourages citizens to perform that obligation. *Id.* In determining whether to disclose a confidential informant's identity, a court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. at 62. Therefore, in order to overcome the limited privilege, a defendant must establish that the disclosure of the informant's identity is either "relevant and helpful" to his defense or "essential to a fair determination of a cause." *Id*. at 60-61.

*United States v. Jefferson*, 252 F.3d 937, 940-41 (7th Cir. 2001). Here, the defendant has not established that he is entitled, under these circumstances, to the early disclosure of the identity of the confidential informant. Moreover, the government is well aware of its ongoing obligations under *Brady* and *Giglio*.

The Court therefore, **DENIES** defendant's motion for early disclosure of the identity of

the confidential informant.  Accordingly, the Court **GRANTS**, in part, defendant's alternative motion for disclosure during trial, to the extent that if the witness testifies, the government shall turn over all *Jencks* Act materials and other pertinent materials to the defendant.

 **IT IS SO ORDERED.**

**DATED:**   January 31, 2006   

                                                  s/WILLIAM D. STIEHL
                                                    **DISTRICT JUDGE**